UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID McNEE, | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 3:12-cv-1709-AWT |
| v. | : | |
| LESLIE'S JEWELRY MANUFACTURING CORP., | : | |
| Defendant. | : | February 6, 2013 |

## FIRST AMENDED COMPLAINT

### I. INTRODUCTION

1. The plaintiff, David McNee, brings this action against his employer, defendant Leslie's Jewelry Manufacturing Co. ("Leslie's"), for violation of the Fair Labor Standards Act (FLSA) and the Connecticut Minimum Wage Act (CMWA). The defendant misclassified the plaintiff as exempt under federal and state overtime laws and failed to pay him overtime pay when he worked more than 40 hours in a workweek.

2. The plaintiff alleges that he is entitled to unpaid wages from the defendant for all overtime hours worked by him and to liquidated and other damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

3. The plaintiff further complains that he is entitled to unpaid wages from the defendant for all overtime hours worked by him and to penalty and other damages, pursuant to the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

4. The plaintiff requests a trial by jury on all issues triable to a jury.

**II.     JURISDICTION AND VENUE**

5.     This Court has jurisdiction over the plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over the plaintiff's Connecticut state law claims pursuant to 28 U.S.C. § 1367, since those claims are so related to his FLSA claims that they form part of the same case or controversy.

6.     Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper within this district because the plaintiff lives and works in Connecticut, the defendant is located in Connecticut, and the conduct underlying the plaintiff's claims occurred in Connecticut.

**IV.     PARTIES**

7.     The plaintiff, David McNee, is a natural person, a citizen of Connecticut, and a resident of Cos Cob, Connecticut.

8.     The defendant, Leslie's Jewelry Manufacturing Co., is a corporation organized under the laws of New York and doing business in Connecticut.

9.     Leslie's is an employer within the meaning of the FLSA and the CMWA.

**V.     FACTS**

10.     Mr. McNee began his employment with Leslie's in 2003.  He was hired as Director of Security, and he has held that title throughout his tenure with Leslie's.

11.     As Director of Security, Mr. McNee's primary responsibility was to ensure the security of Leslie's facility.  He accomplished this duty primarily by watching approximately 90 monitors that were connected to security cameras throughout the facility.

12.     Mr. McNee did not supervise any employees.

13.     Mr. McNee exercised limited discretion in the discharge of his duties.

14. Mr. McNee's primary duties as Director of Security did not render him an exempt employee under any recognized exemption. Accordingly, he should have been paid overtime wages under the FLSA and CMWA.

15. Mr. McNee worked for Leslie's on a salaried basis.

16. Mr. McNee routinely worked more than 40 hours per week. He was not paid any additional compensation for the hours he worked beyond 40 each week.

17. Leslie's classified Mr. McNee as exempt from the overtime requirements of the FLSA and CMWA.

18. The decision to classify Mr. McNee as exempt was made by one or more Leslie's executives for the sole purpose of denying him overtime pay.

19. Mr. McNee's primary duties as Director of Security were not exempt, and therefore Leslie's was not allowed to deny him overtime pay.

## VI.   LEGAL CLAIMS

**FIRST COUNT:**          **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

20. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 19 above.

21. Based on the foregoing, Leslie's conduct in this regard was a willful violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

22. The plaintiff is entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees, and court costs.

**SECOND COUNT:**         **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT**

23. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 19 above.

24. Based on the foregoing, Leslie's conduct in this regard was a willful violation of the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

25. Leslie's conduct in violation of the CMWA was unreasonable, arbitrary, and/or in bad faith.

26. Accordingly, the plaintiff is entitled to compensation for all overtime hours worked, interest, penalty damages, attorneys' fees, and court costs.

WHEREFORE, Mr. McNee requests that this Court award the following damages:

a. An award of unpaid overtime wages under the FLSA;

b. An award of unpaid overtime wages under the CMWA;

c. An award of liquidated damages under the FLSA;

d. An award of penalty damages under CMWA;

e. Attorneys' fees under the FLSA and CMWA;

f. Injunctive relief in the form of an order directing the defendant to comply with the CMWA; and

g. Any other remedy that may appear to be just and proper.

By: ___*/s/ Stephen J. Fitzgerald*_____ _____
Stephen J. Fitzgerald (*Fed. Bar #:  ct22939*)
Joshua R. Goodbaum (*Fed. Bar #: ct28834*)
GARRISON, LEVIN-EPSTEIN, RICHARDSON,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, Connecticut  06511
Tel.:  (203) 777-4425
Fax:  (203) 776-3965
sfitzgerald@garrisonlaw.com
jgoodbaum@garrisonlaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID McNEE, | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 3:12-cv-1709-AWT |
| v. | : | |
| | : | |
| LESLIE'S JEWELRY MANUFACTURING CORP., | : | |
| Defendant. | : | February 6, 2013 |

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this lawsuit.

By: ___/s/ Stephen J. Fitzgerald_____
Stephen J. Fitzgerald (*Fed. Bar #: ct22939*)
Joshua R. Goodbaum *(Fed. Bar #: ct28834)*
GARRISON, LEVIN-EPSTEIN, RICHARDSON,
   FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, Connecticut  06511
Tel.:  (203) 777-4425
Fax:  (203) 776-3965
sfitzgerald@garrisonlaw.com
jgoodbaum@garrisonlaw.com

## **CERTIFICATION**

      I HEREBY CERTIFY that on this 6th day of February, 2013, a copy of the foregoing **First Amended Complaint** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

      In addition, a copy of the foregoing was sent via electronic mail to:

Clarisse N. Thomas, Esq.
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Tel: 203-324-8164
Fax: 203-324-8199
cthomas@goodwin.com

Attorney Thomas has agreed to accept service of the foregoing on behalf of her client, Leslie's Jewelry Manufacturing Corp.

                                               */s/ Joshua R. Goodbaum*____
                                                  Joshua R. Goodbaum